IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

v.  No. 24-CR-378-MIS

JOSE ORTEGA-MORENO,

    Defendant.

**ORDER DENYING AMENDED MOTION TO RECONSIDER AND MOTION TO SEAL**

**THIS MATTER** is before the Court on Defendant's Amended Motion to Reconsider Unopposed Motion to Withdraw Defendant's Guilty Plea and Request for Speedy Trial ("Motion"), ECF No. 63, filed on April 3, 2025. The Court DENIED the Motion from the bench at Defendant's sentencing hearing on April 3. The Court hereby ADOPTS its April 3, 2025 *ore tenus* ruling as supplemented herein.

I.    **BACKGROUND**

On February 11, 2024, Defendant was arrested for re-entry of a removed alien in violation of 8 U.S.C. §§ 1326(a) and (b). ECF Nos. 1, 10. Defendant pleaded guilty to the Information before United States Magistrate Judge Kevin R. Sweazea on March 27, 2024. ECF No. 13. The Presentence Investigation Report was prepared and filed on May 21. ECF No. 14. Defendant then moved to withdraw his guilty plea on July 12. ECF No. 18. In his motion, Defendant argued that he was in fact a citizen of the United States by the name of Thomas Moreno, and thus actually innocent of the crime to which he pleaded guilty. *Id.* at 1.[1] The Government filed a response on July 22 in which it argued that although it did not oppose the motion because it considered the

---

[1] The Presentence Investigation Report lists several variations of the name "Thomas Moreno" among twenty-seven known aliases of Defendant. ECF No. 14 at 2-3.

1

guilty plea to be still pending acceptance, Defendant had not established a "fair and just reason" under Rule 11(d)(2) for the withdrawal of his guilty plea. ECF No. 25 at 1-2. Specifically, the Government stated its position that Defendant was in fact Jose Ortega-Moreno, a citizen of Mexico, who had likely assumed the false identity of a different individual by the name of Thomas Moreno, and that Defendant's claim of innocence was not credible. *Id.* at 11-12 & n.10. The Court held a hearing on Defendant's motion to withdraw his guilty plea on July 23, 2024. The Court denied the motion at the hearing, ECF No. 30, which ruling was followed by a written order on July 25, ECF No. 31.

In its Order, the Court made fourteen findings, including that Defendant had not "present[ed] a *credible* claim of legal innocence," *id.* at 3 (quoting *United States v. Hamilton*, 510 F.3d 1209, 1214 (10th Cir. 2007)). Defendant's assertion of innocence was inconsistent with, *inter alia*, Defendant's prior statements to Border Patrol in 1996 that he was "from" and "born in" Mexico, his previous plea of guilty to entry without inspection, his concession to immigration authorities in 1996 that he was a citizen of Mexico, his admission to Border Patrol in the present case that his name was Jose Ortega-Moreno and he was born in Mexico, and his statement to U.S. Probation in his interview for the preparation of his Presentence Report that his oldest child was fifty-five years old, meaning that he "would have been about seven years old, with [his] newly-alleged 1962 date of birth" when that child was born. *Id.* at 3-4. The Court further found that the credibility of Defendant's claim of actual innocence was undermined by, *inter alia*, his prior acts of dishonesty and his statement to a Border Patrol agent in February 2024 that it is "easy to steal identities, so long as you know who is dead and it does not get reported properly." *Id.* at 4.

Several months later, on September 4, 2024, Defendant filed objections to the Presentence Investigation Report, ECF No. 37, and a sentencing memorandum, ECF No. 38. These filings

essentially re-asserted Defendant's claim of innocence and enumerated evidence that purported to demonstrate the same. The Government responded on September 20, arguing that the Court had properly denied Defendant's motion to withdraw his guilty plea and should decline to reconsider that ruling. ECF No. 42. The Government emphasized that Defendant, in his objections and sentencing memorandum, "provide[d] no meaningful new information to support his contention that he is a United States citizen." *Id.* at 6. Defendant's exhibits, the Government argued, were ones that the Court had already considered or did not otherwise show that Defendant was a U.S. citizen. *Id.* at 7. On September 30, Defendant filed a document styled "Documents for Consideration at Defendant's Sentencing Hearing" that attached 23 exhibits allegedly demonstrating Defendant's identity as a U.S. citizen. ECF Nos. 45, 46. At Defendant's Sentencing Hearing on October 10, 2024, the Parties informed the Court that the Government had made an offer of a Rule 11(c)(1)(C) plea agreement. *See* ECF No. 55. There was additional argument from both sides as to Defendant's claim of actual innocence, including that claim's effect on the potential plea agreement. *Id.* The Court continued sentencing so that defense counsel could present the plea agreement to her client. *Id.*

The Court held a status conference on November 14. ECF No. 54. The Government informed the Court as to the status of the offered plea agreement, which had been re-fashioned as a post-plea sentencing agreement. ECF No. 56. Defendant represented that he was not interested in that agreement, that he planned to file a motion to reconsider his motion to withdraw his guilty plea, and that the Court should set the matter for sentencing. *Id.* The Court then set sentencing for April 3, 2025. In the evening of April 2, 2025, Defendant filed a Motion to Reconsider Unopposed Motion to Withdraw Defendant's Guilty Plea and Request for Speedy Trial. ECF No. 62. The following morning, the Defendant filed an amended motion. ECF No. 63. The Court heard

argument on the Motion from Defendant and from the Government at the sentencing hearing on April 3. ECF No. 65. The Court denied the Motion and sentenced the Defendant to sixty-three months' imprisonment. *Id.*; ECF No. 67.

## II.   LEGAL STANDARD

In the Tenth Circuit, motions for reconsideration in criminal cases are decided using the standard from Federal Rule of Civil Procedure 60(b). *United States v. Warren*, 22 F.4th 917, 927 (10th Cir. 2022); *see also United States v. Setiyaningsih*, No. 23-8085, 2024 WL 1714486, at *2 (10th Cir. Apr. 22, 2024) ("[W]e have expressly 'imported the standard from [Rule 60(b)] to decide motions for reconsideration' in criminal cases . . . ." (quoting *Warren*, 22 F.4th at 927)). Accordingly, "[a] motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law." *Warren*, 22 F.4th at 927 (quoting *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014)). "The specific grounds which allow granting such motions include '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (quoting *Christy*, 739 F.3d at 539). A motion to reconsider "should not be used to revisit issues already decided or advance arguments that could have been raised earlier" as such motions are not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Id.* (quoting *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir. 2015)). "[T]he party requesting [Rule 60(b)] relief . . . bears the burden of showing that relief is warranted." *Setiyaningsih*, 2024 WL 1714486, at *3 (quoting *Crow Tribe of Indians v. Repsis*, 74 F.4th 1208, 1216 (10th Cir. 2023)).

## III.   ANALYSIS

None of the circumstances justifying reconsideration are present in the instant case. Defendant does not argue that there has been "an intervening change in the controlling law" or that there is a "need to correct clear error or prevent manifest injustice." Rather, Defendant relies solely

4

on the existence of allegedly "new" evidence that proves his innocence and thus justifies reconsideration. But the vast majority of the evidence Defendant offers was not in fact "previously unavailable." Even more to the point, none of the evidence Defendant offers actually demonstrates his innocence such that the Court previously "misapprehended the facts." Even assuming *arguendo* that all of the proffered evidence is "new" and considering it as such, the Court's previous findings in its original order denying Defendant's motion to withdraw his guilty plea stand unimpeached.

### A.     The Offered Evidence is Not "New"

In his Motion, Defendant argues that reconsideration is warranted because "there is new evidence that was not previously presented to th[e] Court because those items were not available to defense counsel at the time." Mot. at 4. Defendant lists the following "new" evidence:

1.     Screenshots of the "CURP" search website ([www.gob.mx/curp](www.gob.mx/curp)), which Defendant represents is a database of all Mexican citizens, showing that a search for the name "Jose Ortega-Moreno" and either alleged birthdate returns no result;

2.     A 1950 United States Census showing entries for siblings Evangelina and Francisco Ortega, which Defendant alleges "corroborates" a previously filed affidavit from Frances R. Hernandez, Defendant's alleged first cousin;

3.     A Thanksgiving card (dated in November 2024) sent from Elizandro Moreno to Defendant by the name "Thomas Ortegas Moreno";

4.     Property tax records indicating that a particular home (matching the address on the Thanksgiving card and on several of Defendant's identification cards) is owned by Evangelina Ortega, Defendant's alleged deceased mother;

5.     Arizona state identification cards for Thomas Ortega-Moreno on which the addresses match properties owned by Evangelina Ortega and Diana Moreno;

6.     Social security card for Thomas Moreno;

5

7. Screenshots of a City of Tucson judicial case search for "Thomas Kaszeta," which Defendant alleges "corroborates [his] story that he is Thomas Ortega-Moreno . . . and that he changed his name to Kaszeta in 1991";

8. A disability letter for Thomas Ortega Moreno sent to Defendant at the address of a home owned by his daughter; and

9. "Items of proof included with a sentencing memorandum that was submitted by the defendant in response to a previously continued sentencing hearing. Those items are incorporated by reference here as 'new' evidence under this motion, in addition to the items set out above." ECF No. 63 at 4-6.[2] This evidence, Defendant argues, demonstrates that he "*has* presented a credible claim of innocence." *Id.* at 6 (emphasis in original).

Defendant has failed to show that the vast majority of this evidence was "previously unavailable." The only pieces of evidence that are truly new (in that they did not exist prior to the Court's original order) are the Thanksgiving card and the 2025 property tax record. As to the other exhibits, Defendant in his briefing merely asserts that the evidence "w[as] not available to defense counsel at the time [of the original motion]," but does not explain how that is the case. *See, e.g.*, *Setiyaningsih*, 2024 WL 1714486, at *3 (quoting the district court's observation that "although [the defendant] *stated* that such information was previously unavailable, she did not *explain* how this information was previously unavailable to her." (internal quotation marks omitted)); *Anthony v. Baker*, 767 F.2d 657, 666-67 (10th Cir. 1985). At the April 3 hearing, the Court asked defense

---

[2] Many of these exhibits were in fact already before the Court when it decided the original motion to withdraw guilty plea, referenced by Defendant in his motion and attached to the Government's opposition. *See* ECF Nos. 18, 25; *see also* ECF No. 49 at 3. That evidence, therefore, is patently not "new" in any sense. The remainder of these exhibits were filed approximately five months ago. ECF Nos. 42, 45, 46. They have obviously been in Defendant's possession for at least that long and were not "previously unavailable" for purposes of the present Motion. *See Trujillo v. Bittenger*, No. 1:20-CV-0826 KWR/DLM, 2023 WL 8812720, at *4 (D.N.M. Dec. 1, 2023) ("[T]he documents Plaintiff submitted are merely a portion of the record . . . , which is by definition evidence that is not newly discovered."). *Cf. Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1524 (10th Cir. 1992) ("Absent in this record . . . is an explanation of why Plaintiffs waited three months to submit additional evidence.").

counsel to explain how each piece of evidence was "previously unavailable." Defense counsel stated that the evidence was simply "previously unavailable" in that she had not located it before, in some instances due to her "lack of imagination." Counsel misapprehends the meaning of "previously unavailable." Certain of the newly offered evidence are identification documents and correspondence *belonging to Defendant* (*see* items 5, 6, and 8, above)—the assertion that such documents were not previously available to Defendant strains credulity. *Cf. CGH Transp., Inc. v. Quebecor World, Inc.*, 261 F. Appx. 817, 823-24 (6th Cir. 2008) ("It is hard to imagine how an affidavit from one of [the plaintiff's] own witnesses would have been previously unavailable to [the plaintiff], and [the plaintiff] has not explained why it failed to introduce this evidence [on the original motion]."); *Spring Creek Exploration & Prod. Co. v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1024-25 (10th Cir. 2018) (affirming district court's denial of a motion to reconsider where purported "new" evidence had previously been in the moving party's possession).

The remaining exhibits (CURP website, 1950 census, 2014 property tax records, and Tucson judicial case search) are all public records that Defendant could have obtained at any time. Defense counsel's failure to do so until this point does not render them "previously unavailable." *See Derrick v. Standard Nutrition Co.*, No. CIV 17-1245 RB/SMV, 2019 WL 2717150, at *3 (D.N.M. June 28, 2019) ("[Plaintiffs'] late revelation of the evidence does not mean that it was 'previously unavailable,' it was simply tardy."). If evidence was previously available, counsel must show that she "made a diligent yet unsuccessful attempt to discover [it]." *Webber v. Mefford*, 43 F.3d 1340, 1345 (10th Cir. 1994); *see also Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 101 (10th Cir. 2012) ("If the motion [to reconsider] is based on 'evidence available but not discovered at the time of the initial ruling . . . the moving party must show it diligently sought the evidence earlier.'" (quoting *Bell v. Bd. of Cnty. Comm'rs*, 451 F.3d 1097, 1102 (10th Cir. 2006))).

7

Counsel here has failed to make this showing (or indeed even argue the point). *See id.* at 102 (affirming district court's denial of motion to reconsider where the "new" newspaper articles the moving party sought to use predated the court's initial order by at least several weeks and other information obtained through communication with the reporter "seemingly could have been obtained from the reporter sooner had the [party] been more diligent"); *Dronsejko v. Thornton*, 632 F.3d 658, 672 (10th Cir. 2011) (noting that the moving party "never adequately explained why they could not have discovered the evidence" at issue "had they practiced due diligence").

### B. Even Treated as "New," the Proffered Evidence Does Not Call into Question the Court's Previous Ruling

Even if the Court were to treat all of Defendant's proffered evidence as "new" and "previously unavailable," nothing Defendant has submitted provides an actual basis for the Court to doubt its prior ruling.[3] The purpose of a motion to reconsider is for the court to correct a prior decision, such as "when the court has misapprehended the facts." *Warren*, 22 F.4th at 927. A motion for reconsideration is an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments[] or supporting facts which were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2002); *see also Huff*, 782 F.3d at 1224 ("A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed.").

Here, Defendant's evidence is merely cumulative of evidence the Court considered when deciding the original motion.[4] At that time, the Court had before it documents that tended to show

---

[3] The analysis in this section applies equally to the two actually new pieces of evidence Defendant attached to his Motion (the Thanksgiving card and 2025 property tax records). That is, that evidence does not persuade this Court to reconsider its original ruling that Defendant's claim of innocence was not credible.

[4] Although the Court is treating the evidence as "new" for the purpose of this Section, the Court notes that this cumulative nature, too, renders the evidence not "new." *See Gale v. Uintah County*, No. 2:13-cv-725-RJS-DBP, 2021 WL 4553218, at *4 (D. Utah. Oct. 5, 2021) (noting the term "newly available evidence" "does not include new evidence reflecting underlying information that was previously available. In other words, 'newly available evidence' must contain new information, it is not repackaged information previously known or available to the parties.").

that there is a person named Thomas Moreno who is a United States citizen, and that Defendant has at times used the name Thomas Moreno (among others); the documents did not conclusively establish that Defendant was, in fact, Thomas Moreno, and not Jose Ortego-Moreno. The same is true of the exhibits that Defendant now submits in support of his motion to reconsider. None of the purportedly "new" evidence belies or disrupts the Court's findings in its original order that Defendant's claim of innocence is not credible. The Court's findings, including that Defendant had admitted in relation to the instant action and previously that his name was Jose Ortega-Moreno and he was born in Mexico, and that Defendant had opined to Border Patrol agents about the ease of stealing identities, stand unimpeached by Defendant's evidence. *See Cruz v. Landrum*, No. 19-726 GJF/SMV, 2021 WL 3134285, at *2 (D.N.M. July 23, 2021) ("[P]laintiffs' exhibits . . . even if viewed as '*new evidence* [that was] *previously unavailable*'—do not suggest that the Court 'misapprehended the facts, [Plaintiff's] position, or the controlling law.'"). *Cf. Aldrich Enters., Inc. v. United States*, 938 F.2d 1134, 1143 (10th Cir. 1991) ("A motion under Rule 60(b)(2) must, among other things, present matter that is material and of such importance that it would likely alter the outcome . . . ."); *Maul v. Logan Cnty. Bd. of Cnty. Comm'rs*, No. CIV-05-605C, 2006 WL 3447629, at *4 (W.D. Okla. Nov. 29, 2006) ("Consideration of evidence not presented [on the original motion] would not alter the outcome . . . .").

In sum, Defendant has failed to meet his burden under the standard governing motions to reconsider.[5] Defendant bases his Motion on allegedly new evidence, but the proffered evidence (with the exception of two documents) was not in fact "previously available." Furthermore, even if Defendant's evidence were new, it would not warrant reconsideration of the Court's original order.

---

[5] The Court recognizes that it "generally remain[s] free to reconsider [its] earlier interlocutory orders." *Been v. O.K. Indus.*, 495 F.3d 1217, 1225 (10th Cir. 2007). To be clear, it is declining to do so.

### IV. Defendant's Motion to Seal Amended Motion to Reconsider

Defendant has moved to seal his amended motion to reconsider. ECF No. 64. In his motion, Defendant argues that the amended motion to reconsider "contains detailed information regarding Defendant's personal information and his health and should not be part of the public record in this case." *Id.* at 1-2. The Court finds that the information regarding Defendant's personal information and health included in the Motion is insufficient to overcome the "strong presumption in favor of public access" to court records. *United States v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020). Accordingly, the motion to seal is DENIED.

### V. CONCLUSION

For the foregoing reasons and for the reasons stated on the record at the April 3, 2025 sentencing hearing, the Court makes the following rulings:

1. Defendant's Motion to Reconsider Unopposed Motion to Withdraw Defendant's Guilty Plea and Request for Speedy Trial, ECF No. 62, is DENIED AS MOOT[6];

2. Defendant's Amended Motion to Reconsider Unopposed Motion to Withdraw Defendant's Guilty Plea and Request for Speedy Trial, ECF No. 63, is DENIED;

3. Defendant's Unopposed Motion to Seal Opposed Amended Motion to Reconsider Unopposed Motion to Withdraw Defendant's Guilty Plea and Request for Speedy Trial, ECF No. 64, is DENIED.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

---

[6] Defense counsel confirmed at the April 3 hearing that the Amended Motion, ECF No. 63, was intended to substitute for the first motion, ECF No. 62.